(No. 5004—

MARTHA J. THRIEGE, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1964.*

JOHN T. DICKINSON and CHESTER THOMSON, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant, Martha J. Thriege, seeks recovery in the sum of $5,000.00 for personal injuries allegedly suffered on May 14, 1961, when she fell in a museum, which was owned and operated by the State of Illinois.

Mrs. Thriege testified as follows:

She is 73 years old. About 4:30 P.M. on the day in question she arrived at the David Davis Mansion in Bloomington, Illinois, accompanied by her niece and her granddaughter. She entered the premises by walking up several steps into a vestibule. She crossed the vestibule, and walked one step up into the mansion. She visited in the mansion about 20 or 30 minutes. As she

came out and approached the step to the vestibule, she saw a rubber pad floor covering, which protruded about 2 inches over the step or riser. She says she did not know that the mat was hanging out over space, but rather it looked like part of the step. She stepped on that portion of the mat, which protruded over the riser, and fell. She wrenched her ankle, but was prevented from falling to the floor by her two companions. She sat down for a short time, and was subsequently assisted to her car, and went home. Upon arrival at home, she called Dr. Fred Cunningham, who came to the house that evening. She went to the hospital the following morning, and spent 6 days there. Her treatment consisted of ice bags and medication. She returned to the mansion before the hearing, and noticed that the vestibule mat now had a white line over it. She wears glasses, but does not know whether she had them on at the time of the accident. She came out of the mansion the same way she went in, and, therefore, must have walked on the mat in both instances.

Mrs. Harry Johnson testified that she was employed as custodian of the David Davis mansion. The mansion had been open to the public since February, 1961. She saw Mrs. Thriege in the mansion on the day in question, and guided her through the home in a group of people. She saw Mrs. Thriege and the two girls, who accompanied her, when they came downstairs. "I was standing at the table where the registration book is located, and she (Mrs. Thriege) was ready to move out, and I said, 'there is a step there.' She missed the step. The two girls had preceded her. They were already down in the vestibule, and she followed the two girls down the step." Mrs. Johnson saw Mrs. Thriege turn her ankle. The two girls were standing at Mrs. Thriege's side. Mrs. Johnson and the girls then helped Mrs. Thriege to a chair. Mrs. Johnson described the step as being made of wood, and rising

about 5 inches, with a corrugated mat on top of it, which extended to its edge. The vestibule was lighted by sun coming through double glass doors. It was a bright day, and there were also lights on in the hallway.

Mary Pittman, one of claimant's companions at the time of the accident, testified that the mat or pad was extended over the end of the step a few inches, and looked like the end of the step. She stated that no one had warned them of the condition of the riser, or the position of the riser or step, as they came out of the mansion. She had stepped down into the vestibule at the time Mrs. Thriege fell.

Mrs. Thriege's twelve-year-old granddaughter, who had also accompanied claimant to the mansion, testified that no one had warned her grandmother about the step. She had seen the step when she entered the mansion, and had come down it without difficulty. When her grandmother tripped, she grabbed hold of her and kept her from falling to the floor.

In order for claimant to be entitled to an award, she must prove the following elements by a preponderance of the evidence: (1) that respondent was negligent; (2) that such negligence proximately caused her injury; and, (3) that claimant was in the exercise of due care for her own safety, and, therefore, free from contributory negligence.

Respondent contends that claimant assumed the risk of a known condition, such as the step in question, and cites the case of *Davis* vs. *State of Illinois*, 22 C.C.R. 11, in which claimant had climbed a stairway alleged to have irregularities in it, and later that evening fell upon descending the same stairway. The Court denied recovery, because it could not be said that claimant was unaware of the nature of the stairway, having ascended it earlier in the evening.

In the opinion of this Court, claimant has failed to establish that she was free from contributory negligence. She was, or should have been aware of the existence of the step, which she had crossed just 20 or 30 minutes previous to the time she fell. The custodian testified that she warned Mrs. Thriege of the step, although Mrs. Thriege and her companions say they were not aware of this warning. The companions walking with claimant had immediately preceded her down the step, and should have been aware of its existence.

Claimant has not established that respondent had actual or constructive notice of the defective condition, which is alleged to have caused her injury. Such notice of such condition would be a necessary requisite precedent to recovery in the negligence action herein.

In the opinion of this Court, claimant has failed in her burden of proof, and her claim is hereby denied.