(No. 79-CC-0730—

STEPHEN M. NORMAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 15, 1982.*

MARK A. ROSE, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this cause was riding his motorcycle on Interstate 74 in Peoria County, Illinois, on April 10, 1977, at approximately 9:30 p.m. As he was proceeding eastbound in the right hand lane and as he proceeded under the Ellis Street overpass, he encountered certain chunks of concrete lying in his path on the roadway that had fallen from the overpass. Claimant's motorcycle struck one of these pieces of concrete causing his vehicle to skid out of control, throwing him off said vehicle.

Claimant and his motorcycle landed in the center grass median approximately 180 feet east of the overpass. Fortunately, Claimant was wearing a protective helmet and leather jacket so the only injuries he received were abrasions to his knees. He declined medical treatment.

The record is fairly brief as Claimant was not willing to appear in Illinois for a hearing. The only evidence introduced was a police report which was introduced by agreement between the parties.

This Court has repeatedly held that before there can be a recovery in cases of negligence, Claimant must show that Respondent was negligent, that said negligence was the proximate cause of the accident, and that Claimant was exercising due care for his own safety. See *Thriege v. State*, 24 Ill. Ct. Cl. 470; *Kloese v. State*, 30 Ill. Ct. Cl. 4.

Claimant apparently bases his case on the fact that the accident took place on a State highway. That fact in itself, according to his theory, is sufficient grounds for recovery.

The record is devoid of any showing of due care on the part of Claimant and it is also completely devoid of

any attempt to show that the State had notice of the fact that there were concrete blocks on the highway. To accept Claimant's theory of the case, we would have to entirely eliminate the necessity of his showing due care on his part and also, before the State can be held responsible, it must be shown it had notice of the condition that caused the accident. Claimant's theory would also make the State an insurer for every accident that took place on its highways or other property.

The law has been clear and this Court has repeatedly held that the State is not an insurer of its roads. See *Palmer v. State*, 25 Ill. Ct. Cl. 1, *McCrary v. State*, 22 Ill. Ct. Cl. 328, and *Link v. State*, 24 Ill. Ct. Cl. 69.

This Court has also held that "before the State can be held liable for any injury on property maintained by it, it must have actual or constructive notice of the dangers or hazardous conditions." See *Finn v. State*, 24 Ill. Ct. Cl. 177.

While there are other items discussed in the briefs of the parties in this cause, the Court believes the failure on the part of Claimant to prove his cause of action and comply with the laws governing said accidents has not been met for the reasons cited above.

Award denied. Case dismissed.