(No. 83-CC-1840—)

CALVIN COTNER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 11, 1987.*

*Order on denial of rehearing filed November 2, 1987.*

KOMESSAR, WINTROUB & CIRIGNANI (MARK KOMESSAR, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (RALANDA WEBB, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, J.

This matter is a tort action arising out of an accident on June 22, 1987, wherein the Claimant was riding a motorcycle at 31st Street and Brainard Avenue in LaGrange Park, Illinois, when he allegedly went over a bump and went out of control, falling to the pavement and receiving severe injuries.

The issue is whether the State had constructive notice by reason of a companion cyclist, who stated a year earlier he went over the same bump and it jarred his tape player so that the tape fell to the ground.

Mike Lavelle, the companion cyclist, testified the bump was six inches high and that he never complained about the bump and never notified the Illinois

Department of Transportation. Police officer William Boalwag, the investigating officer, estimated the bump was approximately four inches high. The Claimant's father measured the bump at 4¾ inches high. The Department of Transportation field technician estimated the height as between 1½ to 3 inches.

V. Cigunelis, a field maintenance technician, testified that he made yearly visual inspection and did not see such a bump. No deficiency was discovered or reported on 31st Street in his February 1982 inspection. There were no notifications by police departments, no public complaints, and no agencies' employees reported any deficiency.

The State is not an insurer of the safety of users of highways. As pointed out by Respondent, the State need only maintain its roads in a reasonably safe condition. (*Laine v. State* (1977), 32 Ill. Ct. Cl. 10, 14-15.) The burden is upon Claimant to show that the State had actual or constructive notice of defects that cause injuries. (*Norman v. State* (1982), 35 Ill. Ct. Cl. 693, 695.) "The mere fact that a defective condition existed if, in fact, it did exist, is not in and by itself sufficient to constitute an act of negligence on the part of the Respondent." *Palmer v. Northern Illinois University* (1964), 25 Ill. Ct. Cl. 1.

In the instant case, the State conducted an investigation of the affected roadway four months before the accident. No defect was observed. No complaints were received. According to the record, this case represents the only reported accident at this area of roadway.

The testimony of Lavelle is insufficient to charge Respondent with notice of the defect in the road. He

testified that he hit the "same" bump one year earlier. He was operating his motorcycle at a speed of 40 to 45 miles per hour and did not lose control of his cycle. After his tape fell to the street, his examination of the bump consisted of taking "kind of a glance at it." Under all the circumstances of this case, the testimony of Lavelle is insufficient to show constructive notice on the State.

It is therefore ordered that the claim be, and hereby is dismissed, with prejudice.

## ORDER ON DENIAL OF REHEARING

RAUCCI, J.

This cause coming on to be heard on the Claimant's petition for rehearing, the Court being fully advised in the premises, it is hereby ordered that the Claimant's petition for rehearing is denied.