(No. 78-CC-1453-)

JOHN ST. CYR *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 7, 1989.*

ALLEN KATZ (ANTHONY E. BLUMBERG, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (ROBERT SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

The facts of this case appear as follows: on September 23, 1976, an automobile operated by John St. Cyr on Interstate-57 (I-57) struck a hole described by the State's sole witness as being two feet wide by three feet long and six to eight inches in depth. Some testimony by Claimants indicated the length and width were larger. This hole was in Coles County, Illinois, near mile marker 181 on I-57 in the northbound lanes. The occupants of this automobile were Claimants Joseph Doyle, owner of the automobile, Diane Dorsey and Ivy Elaster. The record shows that as a result of striking this hole, the

vehicle went off the highway, overturned and struck an embankment. It is uncontroverted that Claimants sustained personal injuries as a result of striking this hole, although the extent of the personal injuries is in question. There is no credible evidence that the Claimants were negligent. It appears that Claimants were exercising due and reasonable care. The sole issue of law is whether the Respondent had actual or constructive knowledge of this hole or the condition of I-57 in Coles County.

We find that the Respondent did have constructive knowledge of the condition of I-57 in Coles County for the following reasons:

The Respondent's knowledge of the condition of this highway was contained in an Illinois Department of Transportation report dated November 1, 1978, and entered into evidence in December of 1985. This contains the report of the foreman for road maintenance in Coles County on the condition of I-57 and some particulars of the accident scene as the foreman saw it. The foreman was the Respondent's only witness. He testified that the hole was a "blow-up," *i.e.*, a hole created by the seepage of water into the concrete, an expansion of the water from heat during the summer and early fall, and a consequent explosion or "blow-up." I-57 in this county is 25 miles long, runs north and south and has four lanes. The foreman testified that on the morning of the accident he had done a maintenance check I-57 which included mile-marker 181, but he found no blow-up. An hour later, at mile-post 192 southbound, he was informed of an accident at 181. He returned there and found Claimant's car tipped over and the Claimants removing themselves from the car. Claimants' testimony was that they had difficulty doing so due to damage to the automobile and personal injuries. The foreman in his testimony and in the report said that I-57

and other Coles County highways are subject to blow-ups in summer and early autumn, and that I-57 was a priority maintenance job. On I-57 in the summer and early fall there had been 70 blow-ups, some blow-ups being 30 feet long and 12 feet wide, and there had been 20 blow-ups on other county highways. The foreman had 17 years' experience in road maintenance with the Respondent and an additional 13 years in road maintenance work. Blow-ups were so common that when a State investigator questioned him about the accident, the investigator confused it with another blow-up accident which also caused another vehicle to tip over. The foreman termed the automobile in the other accident a "wreck" and that it occurred at mile-marker 191 in the southbound lanes.

The Respondent contends that it had no actual notice or constructive notice of the blow-up; however, it clearly had notice of the numerous blow-ups that occurred previously. The Respondent cites *Anderson v. State* (1955), 22 Ill. Ct. Cl. 413. That case refers to an accident on a bridge caused by a much smaller hole, which was two inches deep, one foot to two feet long, and one foot wide. The State had no knowledge of that hole and the Court dismissed the claim. On the granting of a new trial and new evidence adduced by Claimant which showed the hole had been in existence for one month, this Court, on rehearing, granted relief. The *Anderson* case appears controlling; the Respondent's citation of *Norman v. State* (1983), 35 Ill. Ct. Cl. 693, is not helpful since the case was not fully litigated.

In the cause herein, 70 blow-ups occurred on I-57 but Respondent put up no warning signs or reduction of speed signs. We hold that, under the doctrine of *Anderson, supra,* Respondent had knowledge such that it is liable to the Claimants. The Respondent's

witness and report is consonant with this holding. The Respondent argues that it is not an insurer of the highways as to accidents, but this does not apply where, as herein, it had knowledge of the general condition of the highway with approximately two months' or more notice. Notice in the *Anderson* case was one month.

An award is therefore made to Claimants as follows: $2,000 to John St. Cyr for pain and suffering, $2,000 to Ivy Elaster for pain and suffering, $1,000 to Joseph Doyle for damage to his automobile, $5,000 to Mr. Doyle for pain and suffering, and $5,000 to Diane Dorsey for pain and suffering.