(No. 87-CC-0012–■)

JONATHAN HENDERSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 2, 1991.*

ROBERT J. COONEY & ASSOCIATES, for Claimant.

ROLAND W. BURRIS, Attorney General (JAN SCHAFFERICK, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on Respondent's motion to dismiss, the Court having considered the memoranda and oral arguments of the parties, and being fully advised in the premises, finds that the issue before the Court is whether the Respondent can delegate its

duty to maintain State roadways to units of local government, and, consequently, suffer no liability if a unit of local government is negligent in its maintenance.

Illinois Revised Statutes 1989, ch. 121, par. 4—405 provides in pertinent part:

"The Department shall maintain all highways in the State highway system either with its own forces or pursuant to an agreement or contract entered into pursuant to this Code."

### Paragraph 4—409 provides:

"The Department may enter into a written contract with any other highway authority for the jurisdiction, maintenance ° ° ° of any highway or portion thereof."

*Sears v. Kois Brothers Equipment, Inc.* (1982), 110 Ill. App. 3d 884, 890, 443 N.E.2d 214, 219, and *Chakos v. Illinois State Toll Highway Authority* (1988), 169 Ill. App. 3d 1018, 1026, 524 N.E.2d 615, 621, cited by Claimant, are not apposite to this case. Those cases hold that the Illinois Tollway Authority could be held liable for negligence even if it had contracted with others to perform maintenance or police duties. Statutory language similar to sections 4—405 and 4—409, however, does not exist.

We are not unmindful that since the 1959 enactment of these statutory provisions all of our decisions have upheld dismissal of claims similar to the instant one. In the absence of legislative disapproval of our interpretation, we are constrained to continue to adhere to it.

It is ordered, adjudged and decreed that the Respondent's motion to dismiss is granted, and this claim is dismissed and forever barred.