(Nos. 87-CC-3271, 87-CC-3272 cons.—

KENNETH MILLER and HENRY HITE, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 7, 1992.*

COPELAND, FINN & FIERI, for Claimants.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

Claimants brought this action against the State of Illinois as a result of an incident which occurred on Interstate 57. On June 8, 1986, Kenneth Miller was operating a motor vehicle south on Interstate 57 at approximately 3:00 p.m. He was near Peotone when the car hit a rise in the highway. Mr. Miller stated that he did not see the two-foot high, "A" shaped rise at any time prior to the impact. When the car hit the rise, he grabbed tightly onto the steering wheel and pulled over to the side. The car flew slightly into the air on the left side and sustained damage to the undercarriage. Prior to striking the rise, Mr. Miller observed two or three cars that pulled over about 50 to 100 yards past the rise on the highway. Henry Hite, Mr. Miller's father-in-law and owner of the car, was a passenger at the time of the incident. As a result of the impact with the rise, both Claimants were treated in the emergency room of a hospital in the Kankakee area and released.

The issues are whether the State is responsible for this particular incident allegedly caused by the buckling of the rise in the pavement on Interstate 57, and whether the State had actual or constructive notice prior to the occurrence of the incident.

No evidence was presented to show that the State or its employees knew or should have known about this particular rise on the day in question. Claimants cited a case which deals with similar facts, but is distinguishable

because evidence of 70 similar prior incidents involving buckles was presented which *gave the State notice of a* particular problem in the area. (*St. Cyr v. State* (1989), 41 Ill. Ct. Cl. 36.) In the case at bar, it is clear that the buckle existed for a short period of time. The other two or three cars in the vicinity may have been damaged by the buckle immediately before Claimants' car struck it, but there was no evidence to suggest that the State should have known about this buckle or failed to do anything about it once it occurred.

State employees stated that there is no way to predict when a buckle is going to occur and that there is no set pattern to buckling. The State does not deny that these buckles can be a dangerous condition; however, the fact that these buckles occur is not evidence of negligence. Where there is no indication of prior notice, either actual or constructive, on the part of the State to these conditions, the State will not be held responsible.

Wherefore, it is hereby ordered that this claim is denied.