(No. 86-CC-0255-

BRIAN C. BURKE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 30, 1994.*

HARVEY L. WALNER & ASSOC. (DEBRA I. MILLMAN, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (LINO MENCONI, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Brian C. Burke, filed his cause of action in the Court of Claims alleging a tort claim on August 8, 1985. Claimant alleged he was injured through the negligence of Respondent on Greenbay Road at or near its intersection with Ridge Avenue in Evanston, Illinois, when he struck a large pothole while traveling north on his motorcycle.

The evidence at trial indicated the collision occurred on August 13, 1984, at 5:10 p.m. Claimant was traveling northbound on Ridge Avenue on his motorcycle. The Claimant was stopped for a red light behind another vehicle prior to the occurrence. When the light changed, the Claimant proceeded northbound behind the other vehicle until Claimant hit a hole or bump in the roadway. Claimant could not see the hole or bump because he was behind the other vehicle and because the defective area was on a downhill curve which curved to the left and then straightened out. When Claimant hit the hole, he lost control and his vehicle jumped the median. The hole that Claimant believed caused the accident was measured at

15 inches long, 13 inches wide, and over 3 inches deep. Willard Alroth, a traffic engineer and Claimant's expert, determined the hole had to be in existence for several weeks. Mr. Alroth opined the hole was dangerous to motorcyclists likely to use the road. It appeared that the hole was caused by asphalt material wearing away and causing a depression. City of Evanston police officer Lenart testified the accident occurred from northbound Ridge Avenue unto northbound Greenbay Road. He believed the bumps in the roadway had been there for at least four years.

Claimant sustained a broken right leg which required four surgeries. The first surgery was an internal fixation, requiring eight pins. Claimant also had plastic surgery. Claimant indicated he could not work for a year and still had pain and scars from the accident at the time of trial. He still cannot run. The Claimant was off work for 10 months due to the injury. He was earning $300 per week. The medical bills were in excess of $8,000. These bills were paid by Respondent through the Illinois Department of Public Aid. Damage to the motorcycle was approximately $1,200. Claimant sold the motorcycle for $200.

In order for the Claimant to prevail, he must prove by a preponderance of the evidence that the State had a duty to maintain the roadway, a breach of that duty, that the State had actual or constructive notice of the dangerous or defective condition, and the negligence of the State was the proximate cause of the Claimant's injuries. (*West v. State* (1987), 40 Ill. Ct. Cl. 3.) The State of Illinois is only required to maintain its roads and highways in a reasonably safe condition, since the State is not an insurer of the safety of the user of the highways and the burden is on the Claimant to show the State had actual or

constructive notice of the defect as a condition of the State being held liable. *Cotner v. State* (1987), 40 Ill. Ct. Cl. 70.

It is the duty of the State to exercise reasonable care in the maintenance and care of its highways in order that defective and dangerous conditions likely to injure persons lawfully on the highway shall not exist. The exercise of reasonable care requires the State to keep its highways reasonably safe. (*Kraemer v. State* (1990), 42 Ill. Ct. Cl. 236.) The State can delegate its duty to maintain by written agreement with any other highway authority and relieve itself of liability. *Henderson v. State* (1991), 44 Ill. Ct. Cl. 180.

The first issue in the case to be considered is whether the State had a duty to maintain the road where the alleged defective condition existed. If this is not the State's highway, the Claimant cannot recover. The Court has scrupulously examined the record and listened very closely to the oral arguments in an effort to fairly determine this issue. It is apparent that the intersection of Greenbay, Ridge, Emerson and the Metro Railroad tracks is a very difficult intersection to describe. After reviewing all of the testimony, maps, photographs, and other documentation, we find that if the hole or bump was not on Greenbay Road, north of Emerson Street, then the State did not have a duty to maintain that portion of the road, but if the hole or bump was on Greenbay Road, north of Emerson Street, then the State did have a duty to maintain that roadway. The evidence appears clear that the City of Evanston either owned or had previously agreed to maintain all of Ridge Avenue at the time of Claimant's accident. The parties were in substantial disagreement as to whether the hole was on Greenbay Road or Ridge Avenue.

Ronald Levine, a highway systems manager with the Illinois Department of Transportation, testified that Greenbay Road north of Emerson Street was State-owned property. He further testified that the roadway south of the north edge of Emerson Street was within the jurisdiction of the City of Evanston. Mr. Levine testified that the whole intersection of Emerson Street and roadways south were the responsibility of the City of Evanston. He also testified that Greenbay Road ends at Emerson Street. Willard Alroth, Claimant's expert witness, testified that the accident occurred south of Emerson Street. The picture taken by Alroth, Exhibit No. 3, with the hole circled appears to be a picture of a hole south of Emerson Street. James Tonkinson, the City Engineer of the City of Evanston, testified that Greenbay Road and Ridge Avenue do not intersect. He agreed that Greenbay Road terminates at the northern property line of Emerson Street. Mr. Tonkinson also testified that Ridge Avenue in the area of the accident was under the jurisdiction of the City of Evanston.

To establish the State's maintenance jurisdiction, the Claimant points to his testimony that he thought he was on Greenbay Road, that Mr. Levine testified the accident occurred north of Emerson, that the city map squeezes the word "bay" after "green" at or near the disputed area, and the police report says the accident occurred on Greenbay Road at the intersection with Ridge Avenue.

Whether the State owned or had a duty to maintain a particular highway is a question of fact. We find that the proofs show that it is more probable than not that the City of Evanston had a duty to maintain the roadway in question south of the north edge of Emerson Street where it meets Greenbay Road. We also find it is more probable than not that the accident occurred south of the

north edge of Emerson Street. Brian Burke, who infrequently traveled this roadway, would hardly be able to give competent evidence as to this issue. He even understood the intersection was confusing. Mr. Levine's testimony about where the accident occurred came during a confusing line of questioning and was based on a one-time reading of the traffic report. Mr. Levine also corrected that testimony saying, "It was right at the intersection if I remember right." Mr. Levine also later in his testimony noted that the accident happened on Ridge Avenue. The demonstrative map and the police report are also entitled to little weight. The officials of the City of Evanston, Mr. Alroth and Mr. Levine's testimony concerning jurisdiction are relied on by this Court to establish jurisdiction. Mr. Levine indicated that there is a connector to Ridge Avenue that goes left from Ridge Avenue and that the City held maintenance responsibility for this connector. It is most likely the accident occurred on the connector.

Mr. Alroth, the Claimant's expert, did not view the scene until January 29, 1985. He took a copy of the police report and went to the area of Ridge Avenue and Greenbay Road. He found a hole that appeared several weeks to a month old. He had some photographs provided to him and he found what he believed to be the area of the accident. All of the pictures to which this witness referred appear to show the hole and expansion joint to be south of Emerson Street. In fact, Mr. Alroth specifically testified that Emerson Street was north of the pothole in question.

Claimant himself pointed to the circled area on Exhibit 3 as the place where the accident occurred. This places the Claimant south of Emerson Street at the time of the accident. The Claimant also specifically stated the

pothole he hit was south of Emerson Street. The police officer indicated that the accident occurred under the viaduct which is south of Emerson Street. We, therefore, find that the Claimant has failed to prove by a preponderance of the evidence that the State had a duty to maintain the area of roadway wherein Claimant struck a bump or hole.

Based on the foregoing, we find this claim must be denied due to the Claimant's failure to prove the State had a duty towards Claimant to maintain the area of roadway where Claimant was injured. We need not discuss further the remaining issues in this cause. It is, therefore, hereby ordered that this claim be, and is, hereby dismissed.