**The People of the State of Illinois, Plaintiff-Appellee, v. Delmar K. Johannsen, Defendant-Appellant.**

Gen. No. 52,670.

First District, First Division.

May 25, 1970.

 ██ 

Constantine P. Xinos, of Hinsdale, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Arthur Belkind, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, Delmar K. Johannsen, was charged with the offense of speeding in violation of section 49 of the Uniform Act Regulating Traffic on Highways. In a trial without a jury he was found guilty and assessed a fine of $50 from which judgment he appeals.

The report of proceedings discloses that the defendant was charged with driving his car at the rate of 55 miles per hour in a 35 miles per hour speed zone. A sign indicating that 35 miles per hour limit was posted facing the defendant as he traveled north on Wolf Road in the Village of Hillside, Illinois. Officer Liehr testified that the electronic speed detecting device mounted on his squad car was the only means by which the speed of defendant's vehicle was ascertained. At the time of its use the device was within 200 feet of the aforementioned sign in the direction in which defendant was traveling. The officer further testified that there was another 35 miles per hour sign about three-quarters of a mile south of the sign in question.

The basis of defendant's request for a reversal of his conviction is contained in sections 49 through 50 of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1967, c 95½, §§ 146–147) which appear under the general title "Speed Restrictions." Section 146 of chapter 95½ deals with "General Speed Restrictions." Section

146.01 is entitled "Alteration of Limits by Department." This section generally provides that a posted limit suspends the applicability of the general limit prescribed in section 146. The last sentence of section 146.01 states:

> Electronic speed-detecting devices shall not be used within 500 feet beyond any such sign in the direction of travel; if so used in violation hereof, evidence obtained thereby shall be inadmissible in any prosecution for speeding.

This provision is also contained in section 146.02 on "Alteration of Limits by Toll Highway Commission" and in section 147 on "Alteration of Limits by Local Authorities."

The issue presented, which is one of first impression, is thus whether the police may employ a radar speed detection device within 500 feet of any speed limit sign.

In support of his contention that the evidence obtained was inadmissible and should have been suppressed, the defendant directs our attention to People v. Powers, 89 Ill App2d 120, 233 NE2d 93. That case also concerned the use of a radar device, but the issue involved the burden of proof in cases in which an affirmative defense was offered. Powers sheds no light on the meaning of the provision in question in this case.

In the instant case, the arresting officer's radar device which was the only means by which the defendant's speed was ascertained was within 500 feet of the speed limit sign. If this were the only evidence, we would not hesitate to reverse the conviction. The evidence, however, discloses that the defendant passed another 35 miles per hour sign about three-fourths of a mile south of the sign in question. He was obviously informed of the speed limit since the second sign did not alter or change the speed limit, but was merely another reminder.

██ It is the primary rule in the interpretation and construction to be placed upon a statute that the intention of the legislature should be ascertained and given effect. People v. Price, 257 Ill 587, 593, 101 NE 196, 198. Statutes must be reasonably construed in accordance with practical application. Where two constructions of a law are proposed, this court will avoid the one which produces absurd results and renders the law difficult of operation. Ambassador East v. City of Chicago, 399 Ill 359, 365, 77 NE2d 803, 806.

To sustain the interpretation of the defendant would, in our judgment, be unreasonable. An officer would then be required when using a radar device to be more than 500 feet beyond any sign, regardless of how many similar signs had preceded it and been passed by the vehicle in question. The intention of the legislature was to give a driver time to adjust to the speed limit before subjecting him to radar detection. The defendant had more than 500 feet to so adjust and cannot complain.

██ For the foregoing reasons the judgment is affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.