710

IN RE APPLICATION OF ROBERTA L. STEVENS.

*Opinion filed December 3, 1976.*

MELVIN H. SORKIN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois; LEONARD CAHNMANN, Assistant Attorney General.

PER CURIAM.

This claim arises out of an incident which occurred on September 8, 1974, at 3101 North Halsted, Chicago. The Claimant seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 70, et seq.) (hereafter referred to as the "Act").

The sole issue presented to the Court was whether the Act covers injuries arising from automobile accidents.

Evidence was taken at a hearing conducted by Martin C. Ashman, a Commissioner of this Court.

The Claimant was struck by an automobile on September 8, 1974. The Claimant was severely injured, suffering fractures of both legs, cerebral concussion, and multiple bruises and contusions.

The Respondent, State of Illinois, moved to dismiss the claim for lack of jurisdiction.

The Claimant alleges that the vehicle involved in the accident was driven in a reckless manner, that the driver had no insurance, and that she may obtain compensation under the Act by basing her claim on Chapter 38, Section 12-5, Illinois Revised Statutes, 1975, entitled "Reckless Conduct".

The Act defines crimes of violence in Section 2, Subparagraph (c) as follows:

"Crime of Violence" means and includes any offense defined in Sections 9-1, 9-2, 10-1, 10-2, 11-1, 11-3, 11-4, 12-1, 12-2, 12-3, 12-4, 12-5 or 20-1 of the Criminal Code of 1961 if none of the said offenses occurred during a civil riot, insurrection or rebellion.

It is the opinion of this Court that the Illinois General Assembly did not intend to include compensation for non-intentional motor vehicle offenses. The language of Chapter 38, Section 12-5 of the Illinois Revised Statutes does not specifically mention motor vehicle accidents. If the Illinois General Assembly had intended to include motor vehicle accidents, it could have done so very easily by including under its definition of crime of violence those sections of the statutes which specifically mentioned motor vehicle offenses. The General Assembly chose not to do so.

There is only one section of the Illinois Criminal Code, being Chapter 38, which specifically mentions reckless offenses committed in a motor vehicle and that is Section 9-3 of the Criminal Code which states in part as follows:

Involuntary Manslaughter and Reckless Homicide.

(a) A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which caused the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly.

(b) If the acts which caused the death consist of the driving of a motor vehicle, the person may be prosecuted for reckless homicide or if he is prosecuted for involuntary manslaughter, he may be found guilty of the included offense of reckless homicide.

The General Assembly chose not to include that section under its definition of crimes of violence.

To construe the Act as offering compensation for acts of reckless driving which result in injuries but not for acts of reckless driving which result in death is absurd. Such a conclusion would lead to absurd results. As the

Respondent points out, if two persons are hit by the same recklessly driven motor vehicle and one dies and the other lives, such a position would require the granting of compensation to the survivor of the accident but not to the family of the deceased. This Court can not interpret the statute in such a manner that the same would lead to absurd results such as this.

It is the Court's opinion that the inclusion of Section 12-5 of Chapter 38 in the definition of crimes of violence in the Act was for the purpose of including all acts of reckless conduct other than motor vehicle accidents.

Further, there is no American jurisdiction that allows compensation for nonintentional harm inflicted by motor vehicles. The Uniform Crime Victims Reparations Act which was drafted by the National Conference of Commissioners on Uniform State Laws and approved by the American Bar Association's House of Delegates on February 5, 1974, excludes acts involving motor vehicles from compensation unless the acts were intended to cause personal injury or death. It appears to be unanimous that no state compensates victims of traffic accidents under its Crime Victims Compensation Acts.

The Appellate Court in the case of *People v. Johannsen,* 126 Ill.App.2d 31, 261 N.E.2d 551 (1970), stated:

It is the primary rule in the interpretation and construction to be placed upon a statute that the intention of the legislature should be ascertained and given effect . . . Statutes must be reasonably construed in accordance with practical application. Where two constructions of a law are proposed, this Court will avoid the one which produces absurd results and renders the law difficult of operation.

This Court adopts the reasoning of the Court in the *Johannsen* case.

The motion of the Respondent to dismiss is, therefore, sustained and this claim is hereby dismissed.