(No. 76-CV-0006–)

*In re* APPLICATION OF JEAN DESIR.

*Opinion filed July 12, 1980.*

ARTHUR E. GERMAN, for Claimant.

WILLIAM J. SCOTT, Attorney General (ORISHA KULICK, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident which occurred on or about the 28th day of October 1974. Claimant seeks compensation pursuant to the applicable provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat., ch. 70, par. 71 *et seq.*

The claim was filed on or about the 1st day of July 1975. Thereafter, based upon the Investigatory Report submitted by the Attorney General of the State of Illinois and the other documentary evidence, the Court rendered its opinion on or about the 17th day of November 1976. Claimant filed his objection to said opinion and requested a full hearing on the merits.

This matter was heard in the Court of Claims, Chicago, Illinois, on July 8, 1977, at which time the transcript was waived by the parties. Claimant, Jean Desir, brings this action on behalf of Justin Patrick Desir, his minor son, who was struck by a vehicle allegedly being operated by one Stephen Smeja on or about October 28, 1974, and, as a result of said striking, the victim sustained injuries to his body. The accident was routinely treated by the police and State's Attorney's Office of Cook County as a traffic accident.

At the time of the incident, Justin Patrick Desir was approximately 6 years of age. The only testimony given at the time of the hearing was that of Justin Patrick Desir and testimony of Jean Desir, his father. The young boy testified that he was injured when struck by the vehicle driven by Stephen Smeja. The father could not testify to the facts of the incident since he was not present and did not observe same.

The issue is whether or not a crime occurred when Justin Patrick Desir was hit by the vehicle driven by Stephen Smeja. Respondent takes the position that at best the action of the driver of the vehicle amounted to negligence which would be otherwise compensable under the law.

Although there was testimony indicating that there had been some incidents of ill will between the Smeja family and Jean Desir's family, there is no evidence or testimony to support Claimant's contention that the behavior of Stephen Smeja at the time of the incident constituted a crime within the meaning of the Crime Victims Compensation Act. The uniform position of this Court has been that the Act has no application to unintentional motor vehicle occurrences. See *In Re Shirley*, 77-CV-289, *In Re Claro*, 77-CV-68, *In Re Gary*, 76-CV-1345, *In Re Matthews*, 76-CV-310.

Accordingly, it is the opinion of this Court that the prior order of this Court remain in full force and effect.