GERALD BALMES, Plaintiff, *v.* HIAB-FOCO, A.B., *et al.*, Defendants.—
(GENERAL BODY SALES CORPORATION, Defendant-Appellee;
HIAB-FOCO, A.B., Defendant and Third-Party Plaintiff-Appellant, *v.*
CORBETTA CONSTRUCTION COMPANY, Third-Party
Defendant-Appellee.)

First District (3rd Division)    No. 80-685

Opinion filed March 31, 1982.

Frank Glazer, Ltd., of Chicago, and Robert J. Kay and Mark C. Williamson, both of Geisler & Kay, S. C., of Madison, Wisconsin, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stanley J. Davidson and Thomas M. Crisham, of counsel), for appellee General Body Sales Corporation.

William G. Beatty, of Johnson, Cusack & Bell, Ltd., of Chicago, for appellee Corbetta Construction Company.

JUSTICE RIZZI delivered the opinion of the court:

In this product liability action, defendant, Hiab-Foco, A.B., manufacturer of the allegedly defective product, appeals from the dismissal of

its third-party complaint for contribution against Corbetta Construction Company, plaintiff's employer, and dismissal of its counterclaim for contribution against defendant General Body Sales Corporation, distributor of the allegedly defective product. We affirm.

Plaintiff, Gerald Balmes, was injured on May 23, 1974, when he was struck by a boom. The boom fell from a truck-mounted speedloader or crane which had been manufactured by Hiab-Foco.

The issue raised by this appeal involves construction of "An Act in relation to contribution among joint tortfeasors." (Ill. Rev. Stat. 1979, ch. 70, pars. 301 through 305.) This statute was enacted following the Illinois Supreme Court decision in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1978), 70 Ill. 2d 1, 374 N.E.2d 437. The *Skinner* court abolished the Illinois rule which prohibited contribution among joint tortfeasors. In its supplemental opinion on denial of rehearing, the court stated that the employer, *amicus curiae* and the manufacturer had urged that the holding in the case be given prospective application only. The members of the court unanimously concluded that the decision should be prospective in operation and that it would "apply prospectively to causes of action arising *out of occurrences* on and after March 1, 1978." (Emphasis added.) 70 Ill. 2d 1, 17, 374 N.E.2d 437, 444.

The statute permitting contribution among joint tortfeasors became effective September 14, 1979. Section 1 of the Act provides: "This Act applies to causes of action arising on or after March 1, 1978." (Ill. Rev. Stat. 1979, ch. 70, par. 301.) This section differs from the language used in *Skinner* in that the words "out of occurrences" do not follow the word "arising" in the statute.

Under the *Skinner* wording, Hiab-Foco's claim for contribution would be barred because plaintiff's injuries occurred prior to March 1, 1978. Hiab-Foco contends, however, that the legislature intentionally omitted the phrase "out of occurrences" in order to expand the situations in which contribution could be sought beyond those allowed pursuant to *Skinner*. Under Hiab-Foco's interpretation of the statute, its right to seek contribution will not arise until some time in the future when it has paid more than its pro rata share of the common liability, and therefore, it is not precluded from seeking contribution. This argument is untenable.

■■■ The court's primary function in construing a statute is to give effect to the intention of the legislature. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31, 35.) In so doing, the provisions of a statute should be read in light of the statute as a whole (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 135, 398 N.E.2d 823, 826), and in conformity with its dominating general purpose. (*Chrysler Credit Corp. v. Ross* (1975), 28 Ill. App. 3d 165, 172, 328 N.E.2d 65, 71.) If the statute concerns an area formerly covered by common law, it must be construed as adopting

common law absent clear and specific language that the legislature intended to alter the common law. (*Berlin v. Nathan* (1978), 64 Ill. App. 3d 940, 956, 381 N.E.2d 1367, 1378; see *Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 67, 401 N.E.2d 1235, 1240.) In addition, statutes must be reasonably construed in accordance with practical application, and where two constructions of a law are proposed, the one which would produce absurd results and render operation of the law difficult should be avoided. (*People v. Johannsen* (1970), 126 Ill. App. 2d 31, 34, 261 N.E.2d 551, 552; see *Ambassador East, Inc. v. City of Chicago* (1948), 399 Ill. 359, 365, 77 N.E.2d 803, 806.) Finally, while a court should be cautious about adding words to a statute, it is not bound by a literal reading of a statute if that reading was clearly not intended. *People v. Beam* (1979), 74 Ill. 2d 240, 243, 384 N.E.2d 1315, 1316.

■■ We think it is clear that the legislative intent behind the enactment of the Act was to codify without change the *Skinner* court's recognition of a cause of action for contribution. The fact that the language used by the legislature is not identical to that used by the *Skinner* court does not support Hiab-Foco's contention that the legislature intended to expand upon *Skinner* and allow a cause of action for contribution where the plaintiff's cause of action arose prior to March 1, 1978, but defendant's cause of action for contribution did not "ripen" until on or after March 1, 1978, upon payment of more than its pro rata share of the common liability. Hiab-Foco's contention that its cause of action for contribution has not yet matured because it has not yet paid more than its pro rata share is without merit since section 5 of the Act allows a cause of action for contribution even *before* payment, by counterclaim or third-party complaint in a pending action (Ill. Rev. Stat. 1979, ch. 70, par. 305).

■ In addition, acceptance of Hiab-Foco's construction would undermine the *Skinner* court's decision to make application of the contribution rule prospective. The *Skinner* court considered the problems inherent in the change in the law created by its decision to allow contribution. These problems include inadequate insurance coverage by employers for liability arising from contribution claims and the multitude of difficulties attendant upon the resurrection of cases that had been previously disposed of by settlement or judgment to allow for claims for contribution. For us to interpret section 1 of the Act as permitting all the evils which the *Skinner* court sought to avoid would be an absurd and impractical result.

■■ We therefore conclude that the absence of the words "out of occurrences" from the statute is not significant and that section 1 should be construed as a codification of *Skinner* without change. Consequently, since the statutory right to contribution applies only to causes of action arising out of occurrence on or after March 1, 1978, and the occurrence here was plaintiff's injury in 1974, Hiab-Foco's counterclaim and third-

party complaint for contribution were properly dismissed. Accord, *Harris Trust & Savings Bank v. Ali* (1981), 100 Ill. App. 3d 1, 13, 425 N.E.2d 1359, 1368.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WHITE, P. J., and McGILLICUDDY, J., concur.