(No. 87-CV-0325—

*In re* APPLICATION OF MARVIN WILCOX

*Order filed December 1, 1986.*
*Order on motion for reconsideration filed April 29, 1987.*
*Order filed August 22, 1988.*

MARVIN WILCOX, *pro se*, and HAY, HART & LANDAU (MARY AVERSANO, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SALLIE A. MANLEY, JEAN HILLMAN, and JAMES TYSON, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

POCH, J.

This claim arises out of an incident that occurred on February 8, 1986. Marvin Wilcox seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act (Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*).

This Court has carefully considered the application for benefits submitted on September 19, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois

which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on February 8, 1986, the Claimant sustained leg and head injuries when he was struck by an automobile driven by an unknown offender. The incident occurred as the Claimant stepped into the street at 4333 North Western Avenue, Chicago, Illinois. The Claimant was taken to Ravenswood Hospital for treatment of his injuries. The offender fled the scene and has not been apprehended.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 2(c) of the Act. Ill. Rev. Stat. 1985, ch. 70, par. 72(c).

3. That "crime of violence" as specified in section 2(c) of the Act does not include any other offense or accident involving a motor vehicle except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs where a conviction for such offense has been entered.

4. That the issues presented to the Court are whether the Claimant's injury that was caused by the offender's operation of a motor vehicle is compensable under section 2(c) of the Act, and whether the fact that the offender fled the scene of the incident has an effect on the Claimant's eligibility for compensation under the Act.

5. That, as the Court stated in *In re Hansen* (1980), 34 Ill. Ct. Cl. 401, "The Court has uniformly taken the position that the Illinois Crime Victims Compensation Act is not applicable to unintentional motor vehicle

offenses, as not being a 'crime of violence' within section 2(c) thereof." See also *In re Desir* (1980), 34 Ill. Ct. Cl. 391; *In re Stevens* (1976), 31 Ill. Ct. Cl. 710.

6. That the Court has also recognized that while a hit and run accident is a crime, it is not one of the crimes specifically enumerated in the Act as being the basis of a claim under the Act. *In re Viscarrondo* (1980), 34 Ill. Ct. Cl. 402.

7. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered, that this claim be, and is, hereby denied.

## ORDER ON MOTION FOR RECONSIDERATION

Poch, J.

This matter comes on before the Court on Claimant's petition for reconsideration of the order of dismissal on December 1, 1986, and the Court being fully advised.

It is hereby ordered that the petition for reconsideration be and is hereby denied.

## ORDER

Montana, C.J.

The applicant, Marvin Wilcox, brought this claim seeking compensation pursuant to the provisions of the Crime Victims Compensation Act (Ill. Rev. Stat., ch. 70, par. 71 *et seq.*). The claim arises out of an incident on February 8, 1986, wherein the applicant was injured.

Based upon the investigatory report filed by the Office of the Attorney General, the Court found that the incident giving rise to the claim was not one of the

crimes set forth under the Act for which compensation may be granted and the claim was denied. The applicant then requested a hearing. A hearing was held September 29, 1987.

The Claimant was not present but was represented by counsel. Counsel made a statement for the record that the Claimant had decided not to pursue the appeal of the denial of benefits and counsel conceded that pursuit of the appeal would be futile. Based on counsel's statement which is contained in the transcript and need not be repeated here and based on additional evidence and argument offered by counsel for the Office of the Attorney General, it is hereby ordered that our decision of December 1, 1986, is hereby affirmed and this claim is denied.