(No. 91-CV-1716—)

*In re* APPLICATION OF ALFRED R. PELT

*Order filed June 19, 1991.*

*Opinion filed April 7, 1992.*

ALFRED R. PELT, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

POCH, J.

This claim arises out of an incident that occurred on September 13, 1990. Alfred R. Pelt, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on February 13, 1991, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 13, 1990, the Claimant was injured as a result of a traffic accident. The incident occurred at the intersection of 146th and Halsted Streets, Harvey, Illinois. Police investigation revealed that the Claimant's motorcycle was traveling northbound when it was struck by the offender's vehicle. The offender was issued a traffic citation for failure to yield the right-of-way. No criminal charges were filed against him.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence

that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

3. That "crime of violence" as specified in section 72(c) of the Act does not include any other offense or accident involving a motor vehicle except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs.

4. That the issue presented to the Court is whether the Claimant's injury that was caused by the offender's operation of a motor vehicle is compensable under section 72(c) of the Act.

5. That as the Court stated in *In re Application of Hansen* (1980), 34 Ill. Ct. Cl. 401,

"The Court has uniformly taken the position that the Illinois Crime Victims Compensation Act is not applicable to unintentional motor vehicle offenses, as not being a 'crime of violence' within §2(c) thereof."

See also *In re Desir* (1980), 34 Ill. Ct. Cl. 391; *In re Stevens* (1976), 31 Ill. Ct. Cl. 710.

6. That this claim does not meet required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

Poch, J.

This claim arises out of an incident that occurred on September 13, 1990. Alfred R. Pelt, the Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

The Court had previously denied the claim based upon the application for benefits submitted by the

Claimant and upon the investigatory report of the Attorney General. The Court had found that the Claimant was not a victim of a violent crime as defined in section 72(c) of the Act.

The Claimant requested a hearing and the claim was assigned to a commissioner of the Court for a hearing. At the hearing the Claimant testified he was operating a motorcycle at 8:00 a.m. on September 13, 1990. He was travelling north on Halsted Street at 146th Street in Chicago when he was struck by an automobile, causing several personal injuries and damage to the motorcycle. The Claimant did not know if the other driver was intoxicated. The other driver was charged with failure to yield a right-of-way. The evidence showed that the other driver was not charged with any other criminal charges and that the police report indicated the other driver appeared "normal."

In order for a claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes enumerated in section 72(c) of the Act occurred. That section does not include a motor vehicle accident as a "crime of violence" unless it involves a reckless homicide offense or driving under the infuence of intoxicating liquor or narcotic drugs.

There was no evidence that the Claimant's injuries were caused by a driver operating the vehicle under the influence of alcohol or drugs. Since the Claimant's injuries were not caused by the operation while intoxicated, the matter is not compensable under section 72(c) of the Act.

This claim does not meet the required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.