(No. 90-CV-0977– )

*In re* APPLICATION OF CATHERINE M. SMITH

*Order filed August 27, 1990.*
*Order filed October 30, 1992.*

CATHERINE M. SMITH, *pro se,* and COONEY & CONWAY, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER III, CHARLES A. DAVIS, JR. and ANDREW LEVINE, Assistant Attorneys General, of counsel), for Respondent.

ORDER

PATCHETT, J.

This claim arises out of an incident that occurred on July 4, 1989. Catherine M. Smith, wife of the deceased victim, Thomas A. Smith, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 22, 1990, on the form

prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on July 4, 1989, the victim was shot while waiting the commencement of a fireworks display. The incident occurred at Springfield Park, Bloomingdale, Illinois. Police investigation revealed that the victim and his family were sitting in the park, waiting to view the fireworks display. At a private residence a short distance away, the two alleged offenders were practicing shooting at a barrel with a handgun. One of the alleged offenders misfired, striking the victim. The alleged offenders have been apprehended and were charged with involuntary manslaughter by the Du Page County State's Attorney. The criminal proceedings against the two alleged offenders are still pending.

2. That in order for a claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

3. That involuntary manslaughter is not one of the violent crimes specifically set forth under section 72(c) of the Act.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## ORDER

PATCHETT, J.

On July 4, 1989, Thomas A. Smith, the Claimant's

husband, was attending a fireworks display at Springfield Park in Bloomingdale, Illinois. Mr. Smith was sitting in the park with his family waiting to view the fireworks. At a home a short distance from Springfield Park, two individuals were shooting a handgun at a barrel. Both were consuming alcohol near the time of the shooting. One of the individuals missed the barrel, and the bullet struck Mr. Smith. The bullet taken from Mr. Smith's chest confirmed beyond all doubt that it came from the same handgun these two individuals were firing.

One of the individuals, Carla Smith, pleaded guilty to the offense of involuntary manslaughter. Another individual, Bob Logsden, pleaded guilty to a crime as a result of the unlawful acts in question, but the record is unclear as to the specific crime of which the court convicted him.

To receive compensation under the Crime Victims Compensation Act, a person must be a victim of a "crime of violence." (Ill. Rev. Stat. 1989, ch. 70, par. 72(a).) The General Assembly has itemized those crimes which are considered to be crimes of violence and which the Crime Victims Compensation Act may compensate. Both reckless conduct (Ill. Rev. Stat. 1989, ch. 38, par. 12—5), and reckless homicide (Ill. Rev. Stat. 1989, ch. 38, par. 9—3) are included, but on the day of the shooting, involuntary manslaughter was not included as a crime which could be compensated under the Crime Victims Compensation Act. (Ill. Rev. Stat. 1989, ch. 70, par. 72(c).) Prior to 1991, the Act classified reckless homicide, but not involuntary manslaughter, as a "crime of violence." Both were defined under the same section of the Illinois Criminal Code (Ill. Rev. Stat. 1989, ch. 38, par. 9—3).

The General Assembly subsequently amended the Crime Victims Compensation Act to include involuntary

manslaughter. (1991 Ill. Legis. Serv. 2474, P.A. No. 87—520 (West).) The State argues that because involuntary manslaughter and the unspecified crime for which the codefendant Logsden was convicted were not specifically listed in the Act at the time of the shooting, the Claimant cannot receive compensation. The State further argues that because the General Assembly did not amend the statute until after the date of the shooting, the Court may not apply the amended version to the instant case. This Court tends to agree with the State as to the issue of when the amended statute would be effective.

The Illinois Supreme Court in *Village of Wilsonville v. S.C.A. Services, Inc.* (1981), 86 Ill. 2d 1, 426 N.E.2d 824, states, "Without an express statutory provision stating an act is to have retroactive effect, it can only be applied prospectively." *Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 268 N.E.2d 26; *People ex rel. Schmidt v. Yeger* (1961), 20 Ill. 2d 338, 172 N.E.2d 753.

Because Public Act 87—520 (1991) does not expressly provide for retroactive application, we find that the provisions of the Crime Victims Compensation Act that apply to this claim are those in effect on the day of the shooting, July 4, 1989.

However, we do not agree that because involuntary manslaughter was not in the Act on the date of the shooting, the statute automatically bars compensation for the Claimant. There is nothing in the Crime Victims Compensation Act which requires an arrest or prosecution in order for the innocent victim of a crime to receive compensation.

We find that the conduct of the defendants in the instant case met the criteria for reckless conduct (Ill. Rev. Stat. 1989, ch. 38, par. 12—5), which was a crime specifi-

cally included in the Crime Victims Compensation Act as of the date of the shooting. (Ill. Rev. Stat., ch. 70, par. 72(c).) The fact that the defendants did not ultimately plead guilty to this crime does not bar the Claimant from receiving compensation. The acts of these individuals amounted to, or constituted, reckless conduct, regardless of the record of prosecution. A common element in this crime is the mental element of recklessness. A person acts recklessly when he consciously disregards a substantial and unjustifiable risk knowing that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. (Ill. Rev. Stat. 1989, ch. 38, par. 4—6.) The acts of Logsden and Smith clearly met this standard. Indeed, reckless conduct is a lesser included offense of involuntary manslaughter by its very definition. Therefore, to prove involuntary manslaughter, the State was required to first prove reckless conduct.

Mr. Smith's income was approximately $3,640 per month. He was 64 years old at the time of his death. The funeral expenses totaled $7,192. Therefore, we award the Claimant the sum of $25,000; $3,000 as funeral expenses and the remainder as lost income.