(No. 92-CV-0711—)

*In re* APPLICATION OF BRENDA J. CATRON

*Order filed January 29, 1992.*
*Opinion filed December 18, 1992.*

BRENDA J. CATRON, *pro se,* for Claimant.

ROLAND W. BURRIS, Attorney General (CHARLES A. DAVIS, JR., Assistant Attorney General, of counsel), for Respondent.

ORDER

MONTANA, C.J.

This claim arises out of an incident that occurred on March 19, 1991. The Claimant, Brenda J. Catron, seeks compensation pursuant to the provisions of the Crime

Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on October 11, 1991, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 19, 1991, the Claimant was injured as a result of a traffic accident. The incident occurred at 1200 West 69th Street, Chicago, Illinois. Police investigation revealed that the Claimant was attempting to cross the street when she was struck by a car. The driver of the vehicle fled from the scene and has not been apprehended by the police.

2. That in order for a claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

3. That "crime of violence" as specified in section 72(c) of the Act does not include any other offense or accident involving a motor vehicle except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs.

4. That the issues presented to the Court are (1) whether the Claimant's injury that was caused by the offender's operation of a motor vehicle is compensable under section 72(c) of the Act and (2) whether the fact that the offender fled the scene of the incident has an effect on the Claimant's eligibility for compensation under the Act.

5. That, as the Court stated in *In re Hansen* (1980), 34 Ill. Ct. Cl. 401,

"The Court has uniformly taken the position that the Illinois Crime Victims Compensation Act is not applicable to unintentional motor vehicle offenses, as not being a 'crime of violence' within §2(c) thereof."

See also *In re Desir* (1980), 34 Ill. Ct. Cl. 391; *In re Stevens* (1976), 31 Ill. Ct. Cl. 710.

6. That the Court has also recognized that while a hit and run accident is a crime, it is not one of the crimes specifically enumerated in the Act as being the basis of a claim under the Act. *In re Viscarrondo* (1980), 34 Ill. Ct. Cl. 402.

7. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

MONTANA, C.J.

The Claimant, Brenda J. Catron, seeks compensation pursuant to provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. (Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*) The claim arises as a result of an incident which occurred on March 19, 1991, wherein the Claimant was injured.

The investigation by the office of the Attorney General revealed that Claimant was injured as the result of a traffic accident at 1200 West 69th Street in Chicago, Illinois. While attempting to cross the street, Claimant was struck by a vehicle. The driver of the vehicle fled the scene and has not been apprehended by police. Based on the results of that investigation, the Court entered an

order on January 29, 1992, which found Claimant to be ineligible because an incident of hit and run is not an offense included in or specifically enumerated in section 72(c) of the Act.

On March 13, 1992, Claimant requested a review of the Court's findings. The matter was set for hearing before Commissioner Elizabeth M. Rochford on June 19, 1992. At that hearing, Claimant did not contest any of the facts as presented by the office of the Attorney General, but made a statement on the unfairness of the situation.

The issue before this Court is whether Claimant can be compensated pursuant to the Act for injuries she sustained when she was struck by an automobile by an unknown offender.

Claimant is only eligible for compensation under the Act where there is evidence of one of the violent crimes specifically set forth under section 2(c) of the Act. The Court has recognized that while a hit and run accident is a crime, it is not one of the crimes specifically enumerated in the Act as being the basis of a valid claim. (*In re Application of Viscarrondo* (1980), 34 Ill. Ct. Cl. 402.) The term "crime of violence" as specified in section 2(c) of the Act does not include any other offense or accident involving a motor vehicle except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs. *In re Application of Wilcox* (1988), 41 Ill. Ct. Cl. 339, 340.

This Court has uniformly taken the position that the Act is not applicable to unintentional motor vehicle offenses, as they are not considered "crime[s] of violence" within section 2(c) of the Act. *Wilcox, supra,* at 340-41. *In re Application of Hansen* (1980), 34 Ill. Ct. Cl. 401; *In re Application of Desir* (1980), 34 Ill. Ct. Cl. 391; *In re*

562

*Application of Stevens* (1976), 31 Ill. Ct. Cl. 710.

We find that the Claimant has failed to meet a required condition precedent for compensation under the Act. It is therefore hereby ordered that this claim be, and is, hereby denied.