(No. 89-CV-0812-)

*In re* APPLICATION OF TED S. CHARLTON

*Order filed March 5, 1990.*
*Opinion filed December 3, 1993.*

TED S. CHARLTON, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on April 30, 1988. Claimant, Ted S. Charlton, father of the deceased victim, Angela Charlton, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the "Act." Ill. Rev. Stat. (1987), ch. 70, par. 71, *et seq.*

The Court file reflects that on February 14, 1989, a "Notice of Intent to File a Claim" was filed herein on behalf of applicant, Ted S. Charlton, arising from the death of alleged victim, Angela Charlton, on April 30, 1988.

The notice reflected that Angela Charlton was killed by a shotgun blast at close range. It was alleged that the assailant was loading a shotgun in preparation for the return of individuals with whom the assailant had had an argument during a drinking party.

The investigatory report of the Attorney General's Office noticed that the offender, James Renfro, was apprehended, prosecuted and convicted of involuntary manslaughter and reckless conduct. The investigatory report concluded that involuntary manslaughter was not one of the violent crimes specifically set forth under section 2(c) of the Act, and that therefore, the Claimant had not met a required condition precedent for compensation under the Act.

This Court followed the recommendation of the investigatory report and ruled that the Claimant had not met a required condition precedent for compensation under the Act and denied the claim on March 5, 1990.

A review of this Court's decision was sought by Claimant, Ted S. Charlton. At the hearing conducted by Commissioner Rath, the facts in evidence mirrored those facts set forth in the investigatory report of the Attorney General and in this Court's prior order. However, since the entry of the order denying the claim, this Court in *In re Application of Catherine Smith* (1992), 45 Ill. Ct. Cl. 520 (unreported opinion entered on October 30, 1992, 90 CV 977), held that circumstances similar to those extant in the case at bar "met the criteria for reckless conduct" which was found to be a crime specifically included in the Crime Victims Compensation Act.

In the case at bar, the assailant was convicted of both involuntary manslaughter and reckless conduct arising from the death of Angela M. Charlton on April 30, 1988.

We therefore find:

(1) That on April 30, 1988, the victim was accidentally shot by an offender who was known to her. The incident occurred in an apartment located at 515 S. Pearl, Salem, Illinois. Police investigation revealed that prior to the incident, the offender was assembling the components of a shotgun, when the weapon discharged and struck the victim in the chest. The Marion County Coroner's Office ruled the death of the victim to be an accident. The offender was apprehended, prosecuted and convicted of involuntary manslaughter and reckless conduct.

(2) That reckless conduct is one of the violent crimes specifically set forth under Section 2(c) of the Act.

(3) That the Claimant has met the required conditions precedent for compensation under the Act.

(4) That the burial expenses of Angela Charlton were in the sum of $4,478.62. These expenses were paid in full by Angela's parents.

(5) That the Claimant seeks only the funeral expenses incurred by the family in the sum of $4,478.62 paid by Claimant, Ted Charlton, to the Rogers-Atkins Funeral Home in Salem, Illinois.

(6) That no loss of support is claimed. The victim was not employed during the six months prior to the injury.

(7) That no civil suit was filed or intended against the assailant or any third party arising from the death of Angela Charlton.

(8) That section 2(h) of the Act states that a maximum of $3,000 may be awarded, in the case of death, for funeral and burial expenses.

It is therefore ordered that Claimant, Ted S. Charlton, is awarded the sum of $3,000 for funeral expenses for the deceased victim pursuant to the Illinois Crime Victims Compensation Act.