(No. 94-CV-2822– )

*In re* APPLICATION OF MARGARITO CENICEROS

*Opinion filed August 18, 1995.*

LEGAL ASSISTANCE FOUNDATION (DEVEREUX BOWLY, of counsel), for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

This claim for compensation under the Crime Victims Compensation Act (740 ILCS 45/1, *et seq.*), hereinafter referred to as the "Act," comes before the Court on a timely petition for a hearing and review of an order of this Court dated June 22, 1994, denying this claim. Oral argument before the entire Court was held on March 29, 1995.

In the crime victim compensation application, the Claimant states that he was "struck by auto which didn't stop." The conduct described is often referred to as a "hit-and-run" or "leaving the scene of an accident," but in reality is a violation of the Illinois Vehicle Code, which requires a driver of a vehicle to stop or report when involved in an accident result in death or injury. 625 ILCS 5/11—401.

The failure to stop or report ("hit-and-run") is not listed as one of the crimes for which compensation may be awarded to the victim under the Crime Victims Compensation Act. 740 ILCS 45/2(c).

Presently, a crime victim is defined in the Act as "a person killed or injured * * * as a *result* of a crime of violence perpetrated or attempted against him * * *." 740 ILCS 45/2(d). Emphasis added.

Thus, to award compensation to a victim on the basis that the perpetrator failed to stop or report would violate the present definition of a crime victim, as the victim was not injured as a *result* of the failure to stop or report; and would create an irrational scheme of compensation where the injuries were purely accidental.

The Claimant argues that a driver who does not stop or report may have committed the crime of reckless conduct. This crime is listed as one of the crimes for which compensation may be awarded to the victim under the Crime Victims Compensation Act. 740 ILCS 45/2(c).

The argument of the Claimant has been rejected previously. In *In re Application of Stevens* (1976), 31 Ill. Ct. Cl. 710, the Court stated:

"The language of Chapter 38, Section 12—5 (Reckless Conduct) of the Illinois Revised Statutes does not specifically mention motor vehicle accidents. If the General Assembly had intended to include motor vehicle accidents it could have done so easily by including under its definition of crime of violence those sections of the statutes which specifically mentioned motor vehicle offenses.

* * *

It is the Court's opinion that the inclusion of Section 12—5 of Chapter 38 in the definition of crimes of violence in the Act was for the purpose of including all Acts of reckless conduct other than motor vehicle accidents." *Stevens* at 711, 712.

The Claimant argues that since the decision in *Stevens*, the General Assembly has added to the Act the

crimes of reckless homicide and driving under the influence of alcohol or drugs—crimes involving motor vehicles. 740 ILCS 45/2(c).

The Claimant urges us to adopt the reasoning in the claim of *In re Application of Smith* (1992), 45 Ill. Ct. Cl. 520. In *Smith*, the Court found reckless conduct in the discharge of a firearm to be a lesser included offense in the offense of involuntary manslaughter. (A crime which was not included under the Act at the time.) The Claimant urges that the finding in the *Smith* claim of reckless conduct on the part of the offender should apply to situations where victims are injured by motorists who then flee. The Claimant's argument is that, even if failure to stop or report after an accident is not a crime compensable under the Act, reckless conduct might be found. Additionally, using the reasoning in *Smith*, the Claimant argues that reckless conduct is a lesser included offense in reckless homicide; and, therefore, with the addition of reckless homicide as a "crime of violence" under the Act, reckless conduct is necessarily included as a "crime of violence" applicable to motor vehicle mishaps.

The Claimant's analogy to *Smith* fails partially as reckless conduct is not necessarily a lesser included offense in failure to stop or report. A hearing would be required in most claims, as failure to stop or report is not proof standing alone of reckless conduct.

The Crime Victims Compensation Act provides that " 'crime of violence' does not include any other offense or accident involving a motor vehicle except those vehicle offenses specially provided for in this paragraph." 740 ILCS 45/2(c).

This Court has previously found that the term "crime of violence" as specified in the Act does not include any

other offense or accident involving a motor vehicle except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs. *In re Application of Catron* (1992), 45 Ill. Ct. Cl. 558, 561, citing *In re Application of Wilcox* (1988), 41 Ill. Ct. Cl. 339, 340.

Given the General Assembly's specific language excluding "any other offense or accident involving a motor vehicle," and the fact that this Court has excluded reckless conduct as a "crime of violence" since 1976 in motor vehicle claims, and in the absence of specific legislative disapproval of our interpretation, we are constrained to continue to adhere to it. *Henderson v. State* (1991), 44 Ill. Ct. Cl. 180, 181.

It is true that reckless conduct can be committed by the driver of a motor vehicle. See 1961 Committee Comments in Smith-Hurd Illinois Compiled Statutes Annotated under 720 ILCS 5/12—5.

However, we find that there is a "vehicle offense" equivalent to reckless conduct, namely reckless driving. (625 ILCS 5/11—503.) Thus, reckless conduct is a generic offense, while reckless driving is a motor vehicle offense. Therefore, we find for the reasons previously given that reckless conduct is not to be included as a "vehicle offense" under the Act, as a specific "vehicle offense" is available to be placed in the Act if the General Assembly were to choose to do so.

The *Smith* claim involved a shooting—conduct not subject to the limiting terms of the Act as "vehicle offenses" are. Thus, our ruling in the *Smith* claim is consistent with this opinion.

In addition to causing many more hearings, the inclusion of reckless conduct or reckless driving (both misdemeanors) as crimes compensable under the Act in motor

vehicle accidents would extend the possibility of benefits under the Act to a new, large group of Claimants—those injured in unintentional automobile accidents, whose remedy has been traditionally found in the tort law. As we have shown, we believe that such a dramatic widening of the Act must be done specifically by the General Assembly if it so desires.

Therefore, we find that failure to stop or report ("hit-and-run") and reckless conduct in the use of a motor vehicle are not crimes for which compensation may be awarded to the victim under the Crime Victims Compensation Act.

It is therefore ordered that this claim is denied after hearing and this Court's order of June 22, 1994 is affirmed.