(No. 92-CV-1105—

*In re* APPLICATION OF ELITHA BUTLER

*Opinion filed November 1, 1995.*

ELITHA BUTLER, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

The Claimant, Elitha Butler, was the mother of Michael Butler who was struck by an auto driven by John Daniel on September 13, 1990, near 13346 South Indiana, Chicago, Illinois. Police investigation showed that the victim was hit as he was walking along the street. The victim died on September 15, 1990. The driver fled the scene but was later issued tickets for failure to exercise due care on the roadway and operation of an uninsured vehicle. Police found no evidence of alcohol or illegal drug use by the driver. After being granted an extension of time to file a claim, on December 2, 1991, Elitha Butler filed a claim for reimbursement of funeral expenses totaling $2,855.52. On September 18, 1992, the Court denied the claim holding that the investigation showed the driver was not under the influence of intoxicating liquor or narcotic drugs. Thus the accident was an unintentional motor vehicle offense and not covered as a "crime of violence" under the Crime Victims Compensation Act. The Claimant asked for a review of the decision. A hearing was held before Commissioner Michael E. Fryzel on April 8, 1994.

At the trial, Claimant testified a bus driver who saw the accident said "something wrong with him," referring to the driver of the vehicle. She further testified, "He look like he been drinking or something else. I don't know. Drugs or what, but I know the man—he was walking all over the street." Joseph Cole, who witnessed the accident, testified he saw the driver get out of the car and walk up to the victim. Mr. Cole was sitting back drinking beer when he saw the accident. He got up and started running towards the street because he knew the victim. He didn't know if the driver was scared of them but he

started walking toward the car. The man got in the car and locked the door. They tried to open the car door. The driver then made a u-turn and took off. A couple of people with Mr. Cole starting throwing their beer cans at him and he pulled off. Mr. Cole did not talk to the police when they arrived. Mr. Cole testified in regard to the driver, "Well, looking at his face expression, he was under the influence of drinking. He had been drinking."

There is no question that the death of Michael Butler is a tragedy. We are very sympathetic toward the Claimant and understand her grief. However, this is a claim pursuant to the Crime Victims Compensation Act. This is not a criminal prosecution and/or a State civil claim against the driver and the Court's decision in this claim has nothing to do with whether the victim died in vain or not. Compensation under the Crime Victims Compensation Act is a secondary source of compensation. (*In re Application of Bavido* (1992), 44 Ill. Ct. Cl. 449.) The burden of proof in a crime victims compensation case is on the Claimant to prove by a preponderance of the evidence that the Claimant meets all requirements for eligibility. *In re Application of DeBartolo* (1984), 36 Ill. Ct. Cl. 442.

In the present case, the Court has scrupulously examined the investigatory report and the transcript of the trial. We find that Claimant has failed to prove by a preponderance of the evidence that Claimant's decedent was the victim of a crime of violence as defined in section 72(c) of the Act. The only covered offenses involving motor vehicles are reckless homicide and DUI. A hit-and-run accident not involving reckless homicide or DUI is not covered by the Act. (*In re Application of Wilcox* (1988), 41 Ill. Ct. Cl. 339; *In re Application of Ceniceros* (1995), 48 Ill. Ct. Cl. 653.) The evidence presented at trial, which is the only evidence the Court is considering,

falls far short of a preponderance of the evidence that the decedent was a victim of a reckless homicide or DUI. The testimony which we have quoted is conclusory and without proper foundation. These findings in no way impugn the victim or the Claimant. We would like nothing more than to make an award. However, based on the evidence before us, we cannot do so. For the foregoing reasons, this claim is denied.