(No. 97-CV-0044—

*In re* APPLICATION OF GLEN HOYD

*Order filed August 21, 1996.*
*Opinion on rehearing filed May 14, 1999.*

GREGORY A. HARRIS, for Claimant.

JIM RYAN, Attorney General (DONALD C. MCLAUGH-LIN, JR., Assistant Attorney General, of counsel), for Respondent.

### ORDER

PER CURIAM.

This claim arises out of an incident that occurred on July 7, 1995. The Claimant, Glen Hoyd, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.*

This Court has carefully considered the application for benefits submitted on July 5, 1996, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on July 7, 1995, the Claimant was injured as a result of a traffic accident. The incident occurred at Roosevelt and 14th Avenue, Maywood, Illinois. Police investigation revealed that the Claimant was attempting to cross the street when he was struck by an automobile. The offending driver fled the scene and has not been apprehended.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 2(c) of the Act occurred.

3. That "crime of violence" as specified in section 2(c) of the Act does not include any other offense or accident involving a motor vehicle except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs.

4. That the issues presented to the Court are: (1) whether the Claimant's injury that was caused by the offender's operation of a motor vehicle is compensable under section 2(c) of the Act; (2) whether the fact that the offender fled the scene of the incident has an effect on the Claimant's eligibility for compensation under the Act.

5. That as the Court stated in *In re Nancy Hansen* (1980), 34 Ill. Ct. Cl. 401: "The Court has uniformly taken the position that the Illinois Crime Victims Compensation Act is not applicable to unintentional motor vehicle

offenses, as not being a 'crime of violence' within §2(c) thereof." See also *In re Jean Desir* (1980), 34 Ill. Ct. Cl. 391; *In re Stevens* (1976), 31 Ill. Ct. Cl. 710; *In re Ceniceros* (1995), No. 94-CV-2822.

6. That the Court has also recognized that while a hit-and-run accident is a crime, it is not one of the crimes specifically enumerated in the Act as being the basis of a claim under the Act. *In re Alfonso Viscarrondo* (1980), 34 Ill. Ct. Cl. 402; *In re Ceniceros, supra.*

7. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

OPINION ON DENIAL OF REHEARING

EPSTEIN, J.

Claimant has petitioned for a rehearing of the Court's denial (order of May 11, 1998) of his application for compensation under the Crime Victims Compensation Act (the "Act") as a victim of a hit-and-run automobile incident.

In that opinion, on first rehearing from our initial adverse order, this Court rejected Claimant's application for lack of a compensable "crime of violence" under the Act. Although the Court found that reckless driving had been shown, our inability to find an *intentional* crime on this record required us to deny compensation under the Act.

Claimant's petition for rehearing urges the point that extreme "reckless, wanton and willful" driving of a motor vehicle can constitute assault with a deadly weapon under section 12—2 of the Criminal Code of 1961—actually section 12—2(a)(1) (720 ILCS 5/12—2(a)(1))—and that,

because section 12—2 is one of the compensable "crimes of violence" listed in section 2(c) of the Act (740 ILCS 45/2(c)), such "reckless, wanton and willful" driving is (or can be) compensable under the Act. Claimant argues that the section 12—2 caselaw has recognized such conduct with a motor vehicle as willful, rather than merely negligent, and that such constructively willful conduct can constitute a criminal act without a showing of specific intent to injure the victim, citing *People v. Crockett* (1957), 13 Ill. App. 2d 255, 141 N.E.2d 641; *People v. Clink* (1920), 216 Ill. App. 357; and *State v. Schutte*, 87 N.J.L. 15.

Because of the novelty of this argument, as well as the infrequency of section 12—2 crimes to be asserted as grounds for compensation under the Act, we set this case for oral argument. However, for reasons unknown, Claimant's counsel did not appear.

The Court finds it is unnecessary to address the interesting and non-obvious issue of what is substantively added to the section 2(c) list of compensable "crimes of violence" by the inclusion of section 12—2 of the Criminal Code, "aggravated assault", (720 ILCS 5/12—2) in addition to such compensable crimes as simple assault (section 12—1 of the Criminal Code). Presumably, if not conclusively, *something* was intended by the General Assembly by its inclusion of this crime among the other compensable crimes under the Act. But the facts of this case do not raise that issue.

This is because the "reckless" driving facts here, as we have previously found, do not rise to the level of an intentional or willful act, which remains the dispositive issue. Even if we assume *arguendo* that the motor vehicle in this case was a "deadly weapon" as this Claimant contends, our third rereview of this record leaves us unconvinced that

the perpetrator's acts in this case were so reckless or wanton as to rise to the level of a constructively willful or intentional act. For this analysis, we also assume *arguendo* that the cited caselaw (*Crockett, Clink* and *Schutte, supra*) would be good law under the Criminal Code of 1961, which was enacted after those decisions.

This Court agrees that a motor vehicle can sometimes be a "deadly weapon" and that *some* conduct can be so extremely reckless and wanton as to be deemed willful or intentional, for purposes of the Crime Victims Compensation Act. But we do not find such extraordinary wanton or reckless acts in this case, and therefore, we must reaffirm our previous conclusion, and deny this claim.

Accordingly, the petition for rehearing is denied, and this case is closed.