(No. 97-CV-0430—

*In re* APPLICATION OF BONNIE GRIFFIN

*Order filed October 8, 1996.*
*Opinion filed October 6, 1999.*
*Opinion filed December 16, 1999.*

BONNIE GRIFFIN, *pro se.*

JIM E. RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR., KIMBERLY M. PATE and ROBERT HUINER, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on May 12, 1996. Bonnie Griffin, mother of the deceased victim, Nicholas Griffin, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.* (1992).

This Court has carefully considered the application for benefits submitted on August 14, 1996, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on May 12, 1996, the victim was injured as a result of a traffic accident and expired from his injuries on June 9, 1996. The incident occurred at 3800 West Harrison Street, Chicago, Illinois. Police investigation revealed that the victim was a passenger and the victim's companion was driving southbound on Independence Street when the automobile was struck by the offender's vehicle while attempting to make a right turn onto Independence Street on the red light. After being struck, the driver lost control of his automobile and hit a light pole on the median. The offending driver then fled the scene and has not been apprehended.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 2(c) of the Act occurred.

3. That "[c]rime of violence" as specified in section 2(c) of the Act does not include any other offense or accident involving a motor vehicle, except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs.

4. That the issues presented to the Court are: (1) whether the victim's death that was caused by the offender's operation of a motor vehicle is compensable under section 2(c) of the Act; (2) whether the fact that the offender fled the scene of the incident has an effect on the Claimant's eligibility for compensation under the Act.

5. That as the Court stated in *In re Application of Hansen* (1980), 34 Ill. Ct. Cl. 401, "The Court has uniformly taken the position that the Illinois Crime Victims Compensation Act is not applicable to unintentional motor vehicle offenses, as not being a 'crime of violence' within section 2(c) thereof." See also *In re Application of Desir* (1980), 34 Ill. Ct. Cl. 391; *In re Application of Stevens* (1976), 31 Ill. Ct. Cl. 710; *In re Application of Ceniceros* (1995), 48 Ill. Ct. Cl. 653.

6. That the Court has also recognized that while a hit and run accident is a crime, it is not one of the crimes specifically enumerated in the Act as being the basis of a claim under the Act. *In re Application of Viscarrondo* (1980), 34 Ill. Ct. Cl. 402; *In re Application of Ceniceros, supra.*

7. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

EPSTEIN, J.

This cause is before the Court on a recommendation from a Commissioner of this Court following a hearing. This Court denied Claimant's application for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*) on October 8, 1996, on the basis that the victim's injuries were not attributable to a crime which is compensable under the Crime Victims Compensation Act.

Claimant filed a timely request for a hearing and a hearing was held before Blanche Hill Fawell, a Commissioner of this Court on April 21, 1999. On that date Claimant tendered to the Commissioner various records and requested a continuance.

On May 19, 1999, a hearing was held. On that date the Claimant testified that on May 12, 1996, her son, Nicholas Griffin, was a passenger in a car, which was proceeding through the intersection of Independence and Harrison, when another car entered the intersection against the red light causing the car in which the victim was riding to swerve and hit a light pole. The driver of the other car fled the scene. The victim sustained serious injuries and after several weeks in the hospital died.

The next person to testify was Terrance Berry. Mr. Berry stated that he was standing at the intersection of Independence and Harrison, when he observed a car proceed into the intersection against the red light and drive directly in front of the car in which the victim was a passenger. The offender's car then swerved around and came up on the sidewalk forcing Mr. Berry to jump out of the

way to avoid being hit. From a short distance away, he observed the driver exit the vehicle and throw bottles out of the car. The driver then fled the scene.

Mr. Berry further testified that he gave the police a description of the driver and that the bottles that the driver threw from the car were one beer and two liquor bottles. Mr. Berry was contacted three times after the date of the incident by the police. He was able to provide the police with many details regarding the car including the unique air freshener hanging from the rear view mirror. Mr. Berry testified that he had never met the Claimant before the hearing.

The Attorney General's office introduced police reports into evidence. The police reports are very brief and contain no mention of many of the details that Mr. Berry testified, under oath, that he provided to the police.

The Commissioner found Mr. Berry's testimony to be very credible. He was not acquainted with the Claimant and testified in great detail and subject to cross-examination.

This Court has carefully reviewed all the testimony presented and all the documents introduced into evidence. The crime of reckless homicide is defined in section 9—3 of the Criminal Code. (720 ILCS 5/9—3.) The elements of this offense include driving a motor vehicle in a reckless manner which causes death. Being under the influence of alcohol is presumed to be evidence of a reckless act. The Illinois Supreme Court defined the elements of reckless homicide in *People v. Wilson* (1991), 143 Ill. 2d 236 at 245: "An individual is guilty of reckless homicide when the State proves beyond a reasonable doubt the existence of the following three elements: (1) that the individual was operating a motor vehicle; (2) that the individual unintentionally caused a death while operating

the vehicle; and (3) that the acts which caused the death were performed recklessly so as to create a likelihood of death or great bodily harm to some person."

In *People v. House* (1st Dist. 1990), 197 Ill. App. 3d 1017, the Court considered a fact pattern similar to the instant case. In *House,* the driver stopped at a red light in the left turn lane and then accelerated straight ahead cutting in front of an approaching car forcing it to swerve. The Court found that the defendant's driving was reckless.

In this matter, Claimant bears the burden of proving that a violent crime, reckless homicide, occurred by a preponderance of the evidence. Specifically the Court finds:

1. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 2(c) of the Crime Victims Compensation Act occurred.

2. That "[c]rime of violence" as specified in section 2(c) of the Act does not include any offense or accident involving a motor vehicle, except reckless homicide and driving under the influence of intoxicating liquor or narcotic drugs. *In re Application of Wilcox* (1986), 41 Ill. Ct. Cl. 339.

3. That in this case, the Court finds that the Claimant proved by a preponderance of evidence that the crime of reckless homicide was committed and that the victim in this case died as a result of injuries sustained during the commission of that violent crime.

It is hereby ordered that the September 29, 1998, order of this Court denying Claimant's application for benefits under the Crime Victims Compensation Act is reversed and that this claim is referred to the Office of the Attorney General for calculation of an award.

## OPINION

PER CURIAM.

This claim arises out of an incident that occurred on May 12, 1996. Bonnie Griffin, mother of the deceased victim, Nicholas Griffin, sought compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.* (1996).

The Claimant was denied compensation by order of the Court on October 8, 1996. This claim is now before the Court pursuant to a request by the Claimant to reconsider her claim for compensation for funeral/burial expenses.

This Court has carefully reviewed its prior order in this cause, the Claimant's request to reconsider her claim for compensation and a supplemental investigatory report by the Attorney General's office. Based on all of the above, the Court finds:

1. That on October 8, 1996, the Court of Claims entered an order denying the Claimant compensation for funeral/burial expenses, because the victim's fatal injuries that he sustained during a hit-run traffic accident, were not attributable to one of the violent crimes specifically set forth under section 2(c) of the Act.

2. That on October 23, 1996, the Claimant requested the Court to reconsider her claim for compensation. The Court granted the Claimant's request and assigned the claim to Commissioner Blanche Hill-Fawell on March 23, 1999.

3. That following a hearing conducted by Commissioner Blanche Hill-Fawell, the Court entered an order on October 6, 1999, in which it ruled that the Claimant's

son was a victim of one of the violent crimes specifically set forth under the Act. Based on eye-witness testimony at the hearing, the offending driver was seen driving his car into the intersection while the traffic light was red. The offending driver drove his automobile directly in front of the car in which the victim was a passenger, thus causing a fatal collision. Immediately after the traffic incident, the offending driver was observed exiting the car and throwing liquor and beer bottles out of the automobile. The Court determined that the Claimant proved by a preponderance of evidence that the crime of reckless homicide was committed and the victim in this case died as a result of injuries sustained during the commission of that violent crime. The court vacated its original order and referred the claim to the Attorney General's office for calculation of the award.

4. That the Claimant seeks compensation for funeral and burial expenses.

5. That the Claimant incurred funeral and burial expenses in the amount of $5,171, all of which have been paid. Pursuant to section 2(h) of the Act, funeral and burial expenses are compensable to a maximum amount of $3,000.

6. That the Claimant has received no reimbursements that can be counted as an applicable deduction under section 10.1(e) of the Act.

7. That the Claimant has complied with all pertinent provisions of the Act and is entitled to compensation thereunder.

It is hereby ordered that the sum of $3,000 (Three Thousand Dollars) be and is hereby awarded to Bonnie Griffin, mother of Nicholas Griffin, an innocent victim of a violent crime.